UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LASERMAX**, INC.,<br><br>*Plaintiff*,<br><br>-*vs*-<br><br>**NEW CENTURY NCSTAR, INC.,**<br>and **THE WAR STORE, INC.**<br><br>*Defendants*. | **ANSWER AND COUNTERCLAIM**<br><br>Civil Action No. 6:08-cv-06579 (CJS)<br><br>**JURY TRIAL DEMANDED** |

Defendant, New Century NcStar, Inc. ("New Century") responds to the Complaint of LaserMax, Inc. ("LaserMax") as follows:

**Parties**

1. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and, therefore, denies them.

2. New Century denies the allegations in Paragraph 2. By way of further response, New Century states that its principal place of business is located at 18031 Cortney Court, City of Industry, California 91748.

3. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and, therefore, denies them.

**Jurisdiction and Venue**

4. The allegations in Paragraph 4 are legal conclusions to which no response is required.

5. New Century admits that it sells products in the Western District of New York and that this Court has jurisdiction over the parties and the case, but denies the remaining allegations in Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent an answer is required, New Century denies them.

7. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and, therefore, denies them.

8. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and, therefore, denies them.

9. New Century admits that it sells products in the Western District of New York, but states that the remaining allegations in Paragraph 9 are legal conclusions to which no response is required.

## The Subject Patent

10. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and, therefore, denies them. By way of further response, New Century states that U.S. Patent No. 7,421,818 (the "'818 Patent") is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability and, therefore, should not have been issued by the United States Patent and Trademark Office.

11. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and, therefore, denies them.

## Count I
### (Patent Infringement Against Defendant NCS)

12. New Century repeats and reasserts all responses set forth above as if they were stated in full herein.

13. New Century denies the allegations in Paragraph 13.

14. New Century denies the allegations in Paragraph 14.

15. New Century denies the allegations in Paragraph 15.

16. New Century denies the allegations in Paragraph 16.

17. New Century denies the allegations in Paragraph 17.

## Count II
### (Patent Infringement Against Defendant WS)

18. New Century admits the allegations in Paragraph 18.

19. New Century admits the allegations in Paragraph 19 as of the date of the Complaint, but denies the allegations in Paragraph 19 as of the date of this Answer and Counterclaim.

20. New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20, and, therefore, denies them.

21. New Century admits the allegations in Paragraph 21.

22. New Century denies the allegations in Paragraph 22 to the extent they concern products made or sold by New Century. In all other respects, New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and, therefore, denies them.

23. New Century denies the allegations in Paragraph 23 to the extent they concern products made or sold by New Century. In all other respects, New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and, therefore, denies them.

24. New Century denies the allegations in Paragraph 24 to the extent they concern products made or sold by New Century. In all other respects, New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, and, therefore, denies them

25. New Century denies the allegations in Paragraph 25 to the extent they concern products made or sold by New Century. In all other respects, New Century lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and, therefore, denies them.

### FIRST AFFIRMATIVE DEFENSE

New Century has not directly or contributorily infringed any claim of the '818 Patent, nor has it induced others to infringe the '818 Patent.

### SECOND AFFIRMATIVE DEFENSE

The '818 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

### THIRD AFFIRMATIVE DEFENSE

LaserMax's claims are barred by the doctrines of laches, unclean hands and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of New Century was in good faith, engaged in without malice, and was privileged and justified.

### COUNTERCLAIM

New Century counterclaims against LaserMax as follows:

1. The counterclaims set forth herein arise under the Declaratory Judgment Act, 28 U.S.C. §§ 1367, 2201(a) and 2202 and/or arise out of the same transaction or occurrence as the claims asserted in the Complaint. An actual justiciable controversy, as set forth in the counterclaims, exists between New Century and LaserMax concerning the invalidity and non-infringement the '818 Patent.

## THE PARTIES

2. Counterclaim-Plaintiff, New Century, is a corporation organized and existing under the laws of the State of California, with its principal offices at 18031 Cortney Court, City of Industry, California 91748.

3. Based on the allegations in its Complaint, Counterclaim-Defendant, LaserMax, is a corporation organized and existing under the laws of the State of New York with its principal offices at 3495 Winton Place, Rochester, New York, 14623.

## JURISDICTION

4. The Court has jurisdiction over the parties and over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202, and under the doctrines of pendent, ancillary, and supplemental jurisdiction.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

5. New Century repeats and reasserts all allegations set forth above as if they were stated in full herein.

6. New Century has not infringed any claim of the '818 Patent.

7. New Century has not contributorily infringed, nor does it now contributorily infringe, any claim of the '818 Patent.

8. New Century has not induced others to infringe any claim of the '818 Patent.

9. New Century is entitled to a declaratory judgment that it has not infringed any claim of the '818 Patent.

10. Pursuant to 35 U.S.C. § 285, this is an exceptional case and New Century is entitled to an award of its costs and reasonable attorney fees.

## COUNT II
### (Declaratory Judgment of Invalidity)

11. New Century repeats and reasserts all allegations set forth above as if they were stated in full herein.

12. The '818 Patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability.

13. New Century is entitled to a declaratory judgment that the '818 Patent is invalid.

14. Pursuant to 35 U.S.C. § 285, this is an exceptional case and New Century is entitled to an award of its costs and reasonable attorney fees.

## JURY DEMAND

New Century demands a trial by jury on all issues in the Complaint and in this Answer and Counterclaim that are so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, New Century respectfully requests that:

1. The Complaint be dismissed and New Century be awarded its costs and attorneys fees for this action;

2. Judgment be entered declaring that the '818 Patent is invalid and/or not infringed by New Century directly or otherwise;

3. Pursuant to Title 35 of the United States Code, New Century be awarded its attorneys' fees and expert fees incurred in this action;

4. The Court issue an Order and/or judgment declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding New Century its costs and reasonable attorney fees; and

5. New Century be granted such other relief as is just and proper.

Dated: May 7, 2010

**NEW CENTURY NCSTAR, INC.,**

**By its attorneys,**

s/ Douglas J. Nash
      Douglas J. Nash

HISCOCK & BARCLAY, LLP
One Park Place, 300 State Street
Syracuse, New York 13221-4878
(315) 425-2828 (Tel)
(315) 703-7364 (Fax)
dnash@hiscockbarclay.com

*Of Counsel:*

Rodney W. Bell
CHANG & COTÉ, LLP
19138 East Walnut Drive North, Suite 100
Rowland Heights, Californai 91748
(626) 854-2112 (Tel)
(626) 854-2120 (Fax)
rbell@changcote.com

## CERTIFICATE OF SERVICE

I certify that on May 7, 2010, I filed a copy of the foregoing document with the Clerk of the Court via the CM/ECF system, which gave notice to all attorneys who have entered and appearance in this case.

s/ Douglas J. Nash
Douglas J. Nash
