UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LASERMAX, INC.,

          PLAINTIFF,

v.

NEW CENTURY NCSTAR, INC., A CALIFORNIA
CORPORATION, AND THE WAR STORE, INC. A NEW YORK
CORPORATION

          DEFENDANT.

---

STIPULATED
CASE MANAGEMENT ORDER

CIVIL ACTION #08-CV-06579 (CJS)

FILED JUL 19 2010 MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY

WHEREAS, counsel for both parties having met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and having appeared on July 14, 2010 before Honorable Jonathan W. Feldman, have agreed to the following:

1.    The parties do not unanimously consent to Magistrate Judge jurisdiction.

2.    Rule 26(a)(1) mandatory disclosure deadline is August 31, 2010.

3.    The deadline for filing of motions to amend the pleadings or add parties is October 29, 2010.

4.    On or before October 29, 2010, the Plaintiff shall serve on the Defendants (but not file) its Proposed Claim Construction Statement, identifying the asserted claims, and setting forth a detailed construction separately for each claim of the patent-in-suit that is allegedly infringed by the Defendant and identifying any special or uncommon meanings of words in the claim and all passages from the specification and prosecution history and/or extrinsic evidence that support, describe, or explain each element of the claim, as permitted by law.

5.    On or before November 30, 2010, the Defendant shall serve on the Plaintiff (but not file) its Claim Construction Statement, setting forth a detailed construction separately for

355606_1

each claim in issue and identifying, in addition to or contrary to those disclosed in the Plaintiff's Proposed Claim Construction Statement, any special or uncommon meanings of words in the claim and all passages from the specification and prosecution history and/or extrinsic evidence that support, describe, or explain each element of the claim, as permitted by law.

6. On or before December 30, 2010, the parties shall meet and confer about the construction of the claims in issue for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase, or clause which the parties have identified for claims construction purposes.

7. Following the parties' meet and confer described above, and not later than February 28, 2011, the parties shall notify the Court as to whether they request the Court to schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the court.

8. At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

    (a). The construction of those claim terms, phrases, or clauses on which the parties agree;

    (b). Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it

intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art and testimony of percipient and expert witnesses;

(c). Whether any party proposed to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

9. The parties request that the limitation on the number of requests to produce documents or things imposed by L.R. 34 not apply to this action, and, given the complex technical, legal and factual issues associated with this patent infringement action, the parties should be permitted to serve fifty (50) requests for the production of documents or things, with the opportunity to seek leave from the Court should the need arise for additional demands. Other than this change, the Plaintiff does not currently anticipate or request any additional changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

10. The parties do not currently anticipate or request any changes to the disclosure requirements under Rule 26(a), other than those separately addressed in this Rule 26(f) Report.

11. Fact discovery shall be completed by February 28, 2011 or within 60 days of a claim construction ruling by this Court, whichever date is later.

12. Identification of experts and filing of expert reports for the party having the burden of proof on an issue is 30 days after close of fact discovery, thereafter there will be a 30

day period for expert depositions, with the identification of experts and filing of expert reports for the party responding being due 30 days after the close of the expert deposition period, to be followed with a 30 day period for expert depositions as to the experts in rebuttal.

13. The deadline for filing motions to compel discovery shall be one month before close of factual discovery, except with leave of court.

14. The parties agreed that there should be a protective order entered having two levels of confidentiality, one limited to outside counsel only and shall submit a proposed order for the Court's consideration on or before August 30, 2010.

15. The deadline for filing of dispositive motions is 45 days after the end of the 30 day expert rebuttal deposition period.

16. That for pleadings and other papers filed by either party using the Court's Electronic Case Filing ("ECF") System, service of the Notice of Electronic Filing by the Court's system alone shall be sufficient to constitute service on the other party. Where service is not provided by a Notice sent by the Court's ECF system, the parties stipulate to the service of any such papers in this action in a Portable Data Format ("PDF") file sent by electronic mail, with a hardcopy of each paper so served also sent to all counsel of record by First Class mail postage pre-paid. Pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by electronic mail, as described above, 3 days shall be added to the prescribed period.

17. The parties respectfully request that the Court schedule the first L.R. 16.1(b) settlement conference by U.S. Magistrate on or after September 30, 2010.

18. That a ten trial day jury trial is anticipated.

Dated: July 14, 2010

                               s/Erika N. D. Stanat
                               Erika N.D. Stanat, Esq.
                               HARTER SECREST & EMERY LLP
                               1600 Bausch & Lomb Place
                               Rochester, NY 14604-2711
                               Telephone: (585) 232-6500
                               Fax: (585) 232-2152
                               E-Mail: estanat@hselaw.com

                               ***Attorneys for Plaintiff***

                               s/Douglas J. Nash
                               Douglas J. Nash, Esq.
                               Michael A. Oropallo, Esq.
                               HISCOCK & BARCLAY, LLP
                               One Park Place, 300 State Street
                               Syracuse, New York 13221-4878
                               Telephone:315-425-2828
                               Facsimile: 315-703-7364
                               E-mail: dnash@hiscockbarclay.com

                               ***Attorneys for Defendant***
                               ***New Century NcStar, Inc.***

Rodney W. Bell, Esq.
CHANG & COTÉ, LLP
19138 East Walnut Drive North, Ste 100
Rowland Heights, California 91748
Telephone: 626-854-2112
Facsimile: 626-854-2120
E-Mail: rbell@changcote.com

***Attorneys for Defendant New Century
NcStar, Inc.***

SO ORDERED:

_____
Honorable Jonathan W. Feldman